**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5182**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

NELSON DAVID TORRES-AMPARO,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00226-RJC-1)

Submitted:  August 9, 2011            Decided:  August 19, 2011

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ross H. Richardson, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson David Torres-Amparo pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Torres-Amparo to seventy months' imprisonment. On appeal, Torres-Amparo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issue for appeal, but questioning whether Torres-Amparo's sentence was substantively unreasonable. Although Torres-Amparo was informed of his right to file a pro se supplemental brief, he has not done so. The Government declined to file a responsive brief. We affirm.

This court reviews a sentence for reasonableness, using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). The first step in this review requires the court to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) (2006) factors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We

2

presume that a sentence within a properly-calculated Guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). After thoroughly reviewing the record, we conclude that Torres-Amparo's sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Torres-Amparo's conviction and sentence. This court requires that counsel inform Torres-Amparo, in writing, of the right to petition the Supreme Court of the United States for further review.  If Torres-Amparo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Torres-Amparo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3